IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

RECEIVED
U.S. DISTRICT COURT
2007 SEP 24 PM 11:25
NANCY M. MAYER-WHITTINGTON
CLERK

FILED
OCT 11 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

RICHARD MILLER          )
1515 Arlington Ridge Rd )
Apt. #304               )
Arlington, VA. 22202    )
202-365-1061            )
    Plaintiff,          )

        v.              )

MARK V. ROSENKER,       )

Chairman,               )

NATIONAL TRANSPORTATION )

SAFETY BOARD            )
490 L'Enfant Plaza, SW  )
Washington, D.C.        )
20590                   )
    Defendant           )

Case: 1:07-cv-01832
Assigned To : Kessler, Gladys
Assign. Date : 10/11/2007
Description: EMPLOY DISCRIM.

## PRO SE COMPLAINT

Plaintiff, Richard Miller, acting pro se, brings this action against the above named Defendants, and of its executives, employees, officers, agents and or successors in support, and states, alleges, and avers as follows:

### JURISDICTION

1. The Court has jurisdiction over the Defendant's removal of Plaintiff.

### VENUE

1

2. Plaintiff worked in and all act and omissions occurred or failed to occur in, the District of Columbia. Accordingly, venue, pursuant to, inter alia, 2000e-5(f), lies within this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

3. Plaintiff filed an Appeal with the Merit Systems Protection Board on July 25, 2006. Plaintiff has exhausted all right of administrative appeal per EEOC Petition No. 0320070099 and MSPB No. DC0432060724I1.

### Factual and Procedural History

4. On June 20, 1999, the Plaintiff was hired as TWA Flight 800 Coordinator, and a year later became a Financial Management Specialist. He was supervised by three Financial Officers (Craig Keller, Mitch Levine, and Steve Goldberg). Subsequently, he was moved to the Deputy Chief Financial Officer, Don Libera, and then transferred down into Accounting reporting to the Accounting Chief, Bill Mills. The Plaintiff received excellent or outstanding performance appraisals for 1999, 2000, 2001, 2002 and 2003.

5. In late 2003, the Agency decided to take the Plaintiff's major responsibility, the Purchase Card Program from him and give it to an employee in his early thirties.

6. Plaintiff had informed management in 2004 of his medical condition and that he had contacted Congress.

7. The Appellant was given a performance rating of minimally satisfactory for the 2003-2004 rating period. That performance rating was received by the Appellant on December 22, 2004 for the rating period ending May 30, 2004. . From May 2004 to December 2004 Appellant took over 300 hours of sick leave. During his absence no other NTSB employee completed Mr. Miller's assignments. Mr. Miller was also denied use of his annual leave from September 15, 2004 until at least November 15, 2004.

8. Despite having no accounting experience, the Plaintiff was reassigned to the Accounting Operations Division, under the supervision of William Mills in October 2004 when he received the SF-50 that had been backdated to May 30, 2004. Mr. Mills testified that he only gradually assumed that role over the summer but he did not assume the full responsibility until the fall of 2004. Additionally Mr. Mills issued a substantially changed in the new Performance Standards on November 15, 2004 for the rating period of June 1, 2004 to May 30, 2005.

9. Still attempting to catch up from over 300 hours of sick leave (May-December 2004), and suffering from numerous physical and psychological ailments known by CFO Management, the Plaintiff was issued a "performance warning" on January 10, 2005. In this "performance warning", Mr. Mills stated the Appellant would be immediately notified of non-performance and could be demoted or dismissed from Federal service. .

10. In March 2005, the Appellant provided additional information to Mr. Mills. The Plaintiff further assumed that his performance was meeting

management's requirements. In late May, the Appellant was off again on two weeks of sick leave due to stress. In late May, Mr. Miller requested annual leave to be off for medical reasons in mid-June.

11. On June 9, 2005, Mr. Miller received a notice that he would be placed on a Performance Improvement Plan (the "PIP") but the agency denied providing him his Performance Rating of unsatisfactory until late June.

12. Mr. Miller doctor, Dr. Lamb, requested a part-time schedule the first week of the PIP. The agency delayed and finally had Plaintiff's doctor respond to questions. On September 12, the agency issued the proposed removal notice. Two days later, the agency's medical consultant, informed the agency that based on the Plaintiff's diseases he would not be able to successfully complete the PIP and the agency should request additional information. The Plaintiff's doctor placed him on sick leave October 4, 2005.

13. The Plaintiff provided written and oral arguments, including several letters from medical professionals on October 21, 2005.

14. The Defendant then decided to wait until late December to request additional information. In early June 2005, the Plaintiff's doctor release the Plaintiff back to work on July 3rd. It was only at this point that the agency made their decision from the September action, and removed the Plaintiff for non-performance during the PIP.

15. The Defendant caused Plaintiff to endure serious violation of his right to due process by not issuing the final decision within 30 days.

16. The Plaintiff was discriminated against by sex, age, mental and physical disabilities, prior protected EEO activity, and whistle blowing.

17. The Defendant was not justified in its decision to place the Plaintiff on a performance plan (PIP), propose his removal, and ultimately remove the Plaintiff from Federal Service.

18. Defendant continually denied any knowledge of Plaintiff's physical and psychological conditions. In the depositions, both Mr. Libera and Mr. Mills said they knew nothing of the Plaintiff's medical condition until October 2005. Yet, when shown documentation, Mr. Libera agreed that he did know of the Plaintiff's medical condition as early as 2004.

19. The MSPB disallowed the Defendant's own medical consultant as a witness and would not allow his deposition where he stated the Plaintiff was disabled during and prior to the PIP.

20. The Plaintiff was a qualified individual with a disability yet the Agency denied reasonable accommodation.

21. The Defendant's issuance of the Removal Decision on June 23, 2006 resulted in Harmful Procedural Error.

22. The Defendant wrongly denied Plaintiff's right under Family Medical Leave Act (FMLA).

23. The Defendant committed Prohibited Personnel Practices in its actions, including the PIP, removal, forcing Plaintiff to change his evaluation of the agency's credit card program, preferential, nepotism, reprisal and merit principles.

24. The Defendant violated the Plaintiff's rights under Title VII of the Civil Rights Act of 1964. the Age Discrimination in Employment Act, and the Rehabilitation Act.

25. The Defendant retaliated against Plaintiff for EEO filings, Workman's Compensation filings and for contacting Congress, the General Accounting Office and the Washington Post.

26. The Defendant made the Plaintiff's day-to-day extensive activities his main priorities, not the PIP.

27. Plaintiff did not fail to meet the PIP requirements as stated by the Defendant.

28. Plaintiff was medically unable to perform many of the duties as required under the PIP and which led to his removal.

29. Plaintiff's actions did not warrant a warning, poor performance appraisal or PIP.

30. Plaintiff was not afforded the same FMLA rights and benefits as other similarly situated females and those under the age of 40.

31. Plaintiff was removed despite his know disabilities to the Defendant. When placed on PIP, Plaintiff was unable to perform based on his disability, yet the Defendant removed him for performance issues during the same period. No reasonable accommodation was given to Plaintiff despite his requests and medical documentation regarding his need for such accommodation.

32. The Plaintiff was denied opportunity to demonstrate Acceptable Performance.

33. Plaintiff was not allowed any witnesses at MSPB hearing.

34. The Plaintiff filed the EEO Appeal on bad legal advice. He was told that he had 30 days to supply the information (form also said 30 days).

35. The Defendant intentionally set Plaintiff up for failure.

Wherefore. Plaintiff prays he be awarded the following relief:

a) A declaratory judgment that the conduct engaged in by the Defendant was a violation of Plaintiff's legal rights.

b) An order directing Defendant to pay an award of back pay and fringe benefits with interest and our front salary and benefits with interest to the Plaintiff.

c) An order of reinstatement of Plaintiff in position from which he was removed.

d) An order directing Defendant to pay an award of statutory compensatory (pecuniary and non-pecuniary) damages up to the maximum permitted by the statute in an amount to be determined at trial.

e) An order awarding liquidated damages.

f) An order directing Defendant to pay reasonable attorney fees and costs of this litigation, and

g) Such other and further relief as the Court may deem just.

## REQUEST FOR THIS COMPAINT TO BE COMBINED

Plaintiff request that this complaint be combined with his other Civil Action No. 05-2478 (GK) presently in US District Court.

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury on all facts and any combination of fact and law in this case.

Respectively submitted,

Richard L. Miller
1515 S. Arlington Ridge Road
Apartment 304
Arlington, Virginia  22202
rmiller707@yahoo.com
202-365-1061

H
07-1832
GK

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

### I (a) PLAINTIFFS

Richard Miller

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

Pro Se (NP)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

### DEFENDANTS

Mark V. Rosenker, et al.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Case: 1:07-cv-01832
Assigned To : Kessler, Gladys
Assign. Date : 10/11/2007
Description: EMPLOY DISCRIM.

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

| ☐ A. *Antitrust* | ☐ B. *Personal Injury/ Malpractice* | ☐ C. *Administrative Agency Review* | ☐ D. *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br><br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

### ☐ E. *General Civil (Other)* OR ☐ F. *Pro Se General Civil*

| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **Bankruptcy**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or defendant<br>☐ 871 IRS-Third Party 26 USC 7609 | **Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

| ☐ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ H. *Employment Discrimination*<br><br>☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ Multi district Litigation ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42 USC 2000

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐    DEMAND $ 0    Check YES only if demanded in complaint JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instruction) ☒ YES ☐ NO  If yes, please complete related case form.

DATE 10/11/07   SIGNATURE OF ATTORNEY OF RECORD

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

    I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

    III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

    IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

    VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

    VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd