IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

FILED
OCT 11 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| RICHARD MILLER ) | |
| 1515 South Arlington Ridge Road, #304 ) | Case: 1:07-cv-01832 |
| Arlington, Va. 22202 202-365-1061 ) | Assigned To : Kessler, Gladys |
| Plaintiff, ) | Assign. Date : 10/11/2007 |
| v. ) | Description: EMPLOY DISCRIM. |
| MARK V. ROSENKER, ) | |
| Chairman, ) | |
| NATIONAL TRANSPORTATION ) | |
| SAFETY BOARD ) | |
| 490 L'Enfant Plaza, SW ) | |
| Washington, DC. 20590  202-314-6200 | |
| Defendant ) | |

MOTION FOR CONSIDERATION OF COMPLAINT

In support of Pro Se Motion for Complaint, filed on 9/24/07, Plaintiff, Richard L. Miller, filing pro se, asserts the following:

1. Plaintiff filed a timely petition with the Equal Employment Opportunity Commission (EEOC) asking for review of the Final Order issued by the Merit Systems Protection Board.

4

2. The EEOC decision dated August 21, 2007 ruled against Plaintiff, and provided that Plaintiff had the right to file a civil action based on the decisions of the Merit Systems Protection Board within 30 calendar days of the date that Plaintiff received the decision.

3. Plaintiff received decision on August 28, 2007 and filed with the US District Court on September 24, 2007. In this filing, Plaintiff also requested the appointment of public attorney and the waiving of the filing fee due to his financial situation.

4. On September 25, Plaintiff called the Clerk's office and learned that he needed to file an official pauper's form. When Plaintiff arrived at the Clerk's office to pick up the pauper's form, he learned that his filing of September 24, 2007 at 11:24 could not be found, but they were still looking for the filing.

5. Plaintiff filed out the pauper's form and left the copy of the complaint filing from September 24, 2007 date-stamped at 11:24 with the Clerk and with the understanding that he would supply the EEOC Decision of August 21, 2007 before midnight.

6. In order to avoid any confusion, Plaintiff received the EEOC decision on August 28, 2007 and the 30 days for filing was not due until September 26, 2007. The Plaintiff (his mother's only care giver) has been in North Carolina tending to his 88-year old mother who has breast cancer. Plaintiff returned to Washington in order to file the complaint on September 24 and included a request for the filing fee to be waived in the September 24th filing.

Unfortunately, the Plaintiff did not realize he needed to submit the pauper's form (which he left with the Clerk's office on September 25, 2007).

7. Plaintiff hereby submits the EEOC decision as requested an requests the court to understand the he originally filed the compliant on September 24, 2007, filed the pauper's form on September 25, and here transmits

8. again the EEOC decision (that was attached to the lost September 24, 2007 filing), and requests that the court accept these filings as timely as the court has misplaced the date-stamped (copy provided) of September 24, 2007 and with the pauper's filing of September 25, 2007 and the attached EEOC decision in light of the fact that a timely filing was not due until September 26, 2007.

Respectively submitted,

*[signature]*

Richard L. Miller

Rmiller707yahoo.com

202-365-1061



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P. O. Box 19848
Washington, D.C. 20036

Richard Miller,
Petitioner,

v.

Ellen Engleman Conners,
Chairman,
National Transportation Safety Board,
Agency.

Petition No. 0320070099

MSPB No. DC0432060724I1

DECISION

Petitioner filed a timely petition with the Equal Employment Opportunity Commission asking for review of a Final Order issued by the Merit Systems Protection Board (MSPB) concerning his claim of discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e *et seq.*

Petitioner alleged that he was discriminated against on the bases of disability (stress, anxiety, and depression), age, and reprisal for prior protected EEO activity under Title VII of the Civil Rights Act of 1964 when he was removed from his position of Financial Management Specialist, GS-0501-14, for unacceptable performance.[1]

A hearing was held and thereafter an MSPB Administrative Judge (AJ) issued an initial decision finding no discrimination. The AJ found that the performance standards were valid, that petitioner's performance in a critical area was deficient, and that petitioner was given the opportunity to improve. The AJ further found that petitioner did not show that the agency's reasons for removing him were a pretext for discrimination. Further, with respect to petitioner's disability discrimination claim, the AJ found that even assuming petitioner was disabled, other than working part time for one week (which he received), petitioner did not ask for any accommodation that would enable him to satisfactorily perform the essential functions of his position and that reassignment to another position "free of harassment" was too

---

[1] The Commission assumes, for purposes of this decision, that petitioner is a person with a disability. 29 C.F.R. § 1630.2(g).

2                                                                                    0320070099

subjective to be feasible. Petitioner sought review by the full Board which denied his request. Petitioner then filed the instant petition without argument.

EEOC Regulations provide that the Commission has jurisdiction over mixed case appeals on which the MSPB has issued a decision that makes determinations on allegations of discrimination. 29 C.F.R. § 1614.303 *et seq*. The Commission must determine whether the decision of the MSPB with respect to the allegation of discrimination constitutes a correct interpretation of any applicable law, rule, regulation or policy directive, and is supported by the evidence in the record as a whole. 29 C.F.R. § 1614.305(c).

Based upon a thorough review of the record, it is the decision of the Commission to concur with the final decision of the MSPB finding no discrimination. The Commission finds that the MSPB's decision constitutes a correct interpretation of the laws, rules, regulations, and policies governing this matter and is supported by the evidence in the record as a whole.

### PETITIONER'S RIGHT TO FILE A CIVIL ACTION (W0900)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court, based on the decision of the Merit Systems Protection Board, **within thirty (30) calendar days** of the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

### RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your

3                                                                       0320070099

time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

*[signature]*
_____
Carlton M. Hadden, Director
Office of Federal Operations

AUG 2 1 2007
_____
Date