IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **RICHARD MILLER,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**MARK V. ROSENKER, CHAIRMAN,** )<br>**NATIONAL TRANSPORTATION** )<br>**SAFETY BOARD,** )<br>)<br>Defendant. )<br>) | Civil Action No. 07-1832 (GK) |

## ANSWER

Defendant, Mark V. Rosenker, Chairman, National Transportation Safety Board (NTSB), by and through his undersigned attorneys, hereby answers plaintiff's complaint as follows:

## INTRODUCTION

The complaint in this case is one of four civil actions filed by plaintiff against defendant in connection with his employment at the NTSB. The other cases are also captioned as Miller v. Rosenker, Civil Action Nos. 05-2478 (GK), 06-1071 (GK), and 07-562 (GK), and are also pending before this Court. Plaintiff's complaint in this case challenges the decision by an administrative law judge of the Merit Systems Protection Board (MSPB) finding no discrimination by the NTSB in connection with plaintiff's removal from his position of Financial Management Specialist (see Compl., ¶ 3 (citing MSPB No. DC043206072411); see also Attachment to Plaintiff's Motion for Consideration of the Complaint (Docket Entry No. 4)). By decision dated August 21, 2007, the MSPB decision was affirmed by the Equal Employment Opportunity Commission ("EEOC") in Petition No. 0320070099 (id.).

Thus, the sole discrimination claim raised by plaintiff in this case relates to the agency's decision to remove plaintiff from federal service, which plaintiff contends was based on disability, age and retaliation for prior EEO activity under Title VII of the Civil Rights Act of 1964 (see Compl., ¶ 1) ("The court has jurisdiction over the removal decision").  Plaintiff asserts discrimination claims based on alleged adverse personnel actions other than his removal in his other three pending cases.  Defendant has moved to dismiss or, in the alternative, for summary judgment in those cases.  To the extent that the complaint in the instant action should be read to allege discrimination claims based on alleged adverse personnel actions other than plaintiff's removal, which defendant does not concede, those claims duplicate claims raised in plaintiff's other pending cases.  Defendant reserves his right to file a motion for summary judgment on the same grounds as those asserted in plaintiff's other three cases should this complaint be construed as raising similar claims.  Defendant also reserves the right to assert additional defenses, affirmative or otherwise, upon further investigation and discovery into the matters alleged.

## FIRST DEFENSE

Plaintiff's claims are barred because he failed to exhaust his administrative remedies as to certain of his discrimination claims.

## SECOND DEFENSE

Plaintiff's complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

In response to the specifically-enumerated paragraphs, as set forth in the complaint, Defendant admits, denies and otherwise avers as follows:

## JURISDICTION

1.      Paragraph 1 of the complaint sets forth legal conclusions and allegations of subject

matter jurisdiction to which no response is required. To the extent that a response is deemed required, the allegations are denied.

## VENUE

2. Paragraph 2 of the complaint sets forth legal conclusions and allegations of venue to which no response is required. Defendant admits that plaintiff's duty station at the time he was removed from federal service was in the District of Columbia. To the extent a response is deemed required for the remaining allegations contained in this paragraph, the allegations are denied.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

3. Paragraph 3 of the complaint sets forth legal conclusions about an affirmative defense to which no response is required. To the extent a response is deemed required, defendant admits that plaintiff filed an appeal with the MSPB on July 25, 2006. Defendant denies the remaining allegations contained in paragraph 3.

### Factual and Procedural History

4. Defendant admits that on June 20, 1999, plaintiff was initially hired at the NTSB on a temporary excepted appointment to the position of TWA Management Coordinator as alleged in the first sentence of Paragraph 4. Defendant avers that the phrase "and a year later became a Financial Management Specialist" is vague, and therefore denies the remaining allegations in the first sentence of this paragraph. Defendant further avers that, as to the allegations in the first sentence, plaintiff's employment was converted to a career conditional appointment, Financial Management Specialist, GS-501-14, on July 16, 2000. Defendant denies the allegations contained in the second and third sentences of Paragraph 4. Defendant further avers that, as to the allegations in the second and third sentences, plaintiff initially received his assignments from the Deputy Chief Financial Officer (DCFO) (first line supervisor) and/or the Chief Financial Officer (CFO), (second line supervisor).

At the time of plaintiff's appointment, the Deputy CFO was Donald P. Libera, Jr. (who is the current DCFO to date); the CFO was Craig Keller. Mitch Levine succeeded Mr. Keller in approximately January 2000, but then left NTSB about one year later. The NTSB hired the current CFO, Steven Goldberg, in approximately March 2001. Plaintiff was reassigned to the Accounting Division on May 30, 2004, following a reorganization of the Office of CFO. William Mills was chief of the Accounting Division and thus became Plaintiff's first line supervisor. Defendant denies the last sentence of the paragraph because it is unclear which appraisal ratings refer to which appraisal periods.

    5.    Defendant denies the allegations contained in Paragraph 5.

    6.    Defendant denies the allegations contained in Paragraph 6.

    7.    Defendant admits that plaintiff received a performance rating of Minimally Successful for the rating period that began on June 1, 2003, and ended on May 31, 2004, as alleged in the first sentence of Paragraph 7. Defendant admits that plaintiff's first line supervisor met with plaintiff on December 22, 2004, to issue plaintiff the Minimally Successful performance rating, but denies the remaining allegations in the second sentence of this paragraph. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in the third sentence of this paragraph, and therefore denies them. Defendant denies the allegations contained in the fourth and fifth sentences of Paragraph 7.

    8.    The allegations contained in paragraph 8 are rambling, unclear and vague. To the extent that they may be deemed to be allegations of fact, defendant denies the allegations contained in each sentence in Paragraph 8.

    9.    Paragraph 9 sets forth plaintiff's version of events leading up to his removal from federal service. Defendant avers that, as to the allegations in the two sentences of this paragraph,

plaintiff's first line supervisor met with plaintiff on December 22, 2004, to issue plaintiff the Minimally Successful performance rating referred to in paragraph 7 above, and subsequently provided plaintiff a written memorandum dated January 10, 2005, describing plaintiff's specific deficiencies and detailing needed improvements in his performance. Defendant denies the remainder of the allegations contained in Paragraph 9.

10. Paragraph 10 sets forth plaintiff's version of events leading up to his removal from federal service. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in the four sentences of Paragraph 10, including plaintiff's assumptions about his performance, and therefore denies them.

11. Paragraph 11 sets forth plaintiff's version of events leading up to his removal from federal service. Defendant admits that on June 9, 2005, plaintiff's supervisor notified plaintiff in writing of his unacceptable performance and placed him on a Performance Improvement Plan (PIP), as required by 5 C.F.R. § 432.104. Defendant denies the remaining allegations contained in Paragraph 11.

12. The allegations contained in paragraph 12 are rambling, unclear and vague. Defendant admits that on September 12, 2005, plaintiff's supervisor notified him that he had failed to improve his performance to an acceptable level on the two critical elements under review during the opportunity to improve period, and that he was proposing plaintiff's removal from his position and federal service. To the extent that they may be deemed to be allegations of fact, defendant denies the allegations contained in each sentence in Paragraph 12.

13. The allegations contained in paragraph 13 are vague and unclear. Defendant admits that plaintiff submitted oral and written replies to the agency's deciding official for his proposed removal on October 21, 2005. To the extent that they may be deemed to be allegations of fact,

defendant denies the allegations contained in paragraph 13.

14.    The allegations contained in Paragraph 14 are rambling, unclear and vague, and also comprise a statement of legal claims and issues raised in this complaint to which no response is required. To the extent a response is deemed required, defendant denies the allegations contained in each sentence in Paragraph 14.

15.    Paragraph 15 is a statement of legal claims and issues raised in the complaint to which no response is required. To the extent a response is deemed required, defendant denies the allegations contained in Paragraph 15.

16.    Paragraph 16 is a statement of claims raised in the complaint to which no response is required. To the extent a response is deemed required, defendant denies the allegations contained in Paragraph 16.

17.    Paragraph 17 is a statement of legal claims and issues raised in the complaint to which no response is required. To the extent a response is deemed required, defendant denies the allegations contained in Paragraph 17.

18.    Paragraph 18 is a statement of legal claims and issues raised in the complaint to which no response is required. To the extent a response is deemed required, defendant denies the allegations contained in Paragraph 18.

19.    Paragraph 19 is a statement of legal claims and issues raised in the complaint to which no response is required. To the extent a response is deemed required, defendant denies the allegations contained in Paragraph 19.

20.    Paragraph 20 is a statement of legal claims and issues raised in the complaint to which no response is required. To the extent a response is deemed required, defendant denies the allegations contained in Paragraph 20.

21. Paragraph 21 is a statement of legal claims and issues raised in the complaint to which no response is required. To the extent a response is deemed required, defendant denies the allegations contained in Paragraph 21.

22. Paragraph 22 is a statement of legal claims and issues raised in the complaint to which no response is required. To the extent a response is deemed required, defendant denies the allegations contained in Paragraph 22.

23. Paragraph 23 is a statement of legal claims and issues raised in the complaint to which no response is required. To the extent a response is deemed required, defendant denies the allegations contained in Paragraph 23.

24. Paragraph 24 is a statement of legal claims and issues raised in the complaint to which no response is required. To the extent a response is deemed required, defendant denies the allegations contained in Paragraph 24.

25. Paragraph 25 is a statement of legal claims and issues raised in the complaint to which no response is required. To the extent a response is deemed required, defendant denies the allegations contained in Paragraph 25.

26. Defendant denies the allegations contained in Paragraph 26.

27. Defendant denies the allegations contained in Paragraph 27.

28. Defendant denies the allegations contained in Paragraph 28.

29. Defendant denies the allegations contained in Paragraph 29.

30. Paragraph 30 is a statement of legal claims and issues raised in the complaint to which no response is required. To the extent a response is deemed required, defendant denies the allegations contained in Paragraph 30.

31. Paragraph 31 is a statement of legal claims and issues raised in the complaint to which

no response is required. To the extent a response is deemed required, defendant denies the allegations contained in Paragraph 31.

32. Defendant denies the allegations contained in Paragraph 32.

33. Paragraph 33 is a statement of legal claims and issues raised in the complaint to which no response is required. To the extent a response is deemed required, defendant denies the allegations contained in Paragraph 33.

34. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 34, and therefore denies them.

35. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 34, and therefore denies them.

## REQUEST FOR RELIEF

Plaintiff's complaint contains an unnumbered paragraph that constitutes plaintiff's prayer for relief to which no response is required. To the extent that an answer is required to this paragraph, defendant denies that plaintiff is entitled to the relief requested in the complaint or to any relief whatsoever. Defendant avers that any award of compensatory damages would be subject to and limited by 42 U.S.C. §1981a, and that relief would be further limited by 42 U.S.C. §2000e-5(g)(2)(B).

## REQUEST FOR THIS COMPLAINT TO BE COMBINED

Plaintiff requests that this complaint be combined with Civil Action No. 05-2478 (GK), presently pending before this Court. Plaintiff does not state his basis for requesting that the cases be consolidated. Defendant reserves his right to respond to such a request at such time as it may be raised with the Court through an appropriate motion.

**JURY DEMAND**

Defendant denies that Plaintiff is entitled to trial by jury for certain claims brought in the complaint.

**GENERAL DENIAL**

Defendant denies each and every allegation in the complaint that was not admitted or otherwise qualified.

**WHEREFORE**, having fully answered, Defendant respectfully prays that Plaintiff's complaint be dismissed and requests such further relief as the Court deems appropriate.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


/s/
JOHN G. INTERRANTE
PA Bar # 61373
Assistant United States Attorney
Civil Division, Room E-4806
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-7220
John.Interrante@usdoj.gov

Dated: March 20, 2008

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th of March, 2008, I have caused a copy of the foregoing motion to be mailed, postage prepaid, to pro se plaintiff, Richard L. Miller, 1515 South Arlington Ridge Road, #304, Arlington, Virginia 22202.

/s/
JOHN G. INTERRANTE
Assistant United States Attorney