**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **RICHARD MILLER,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 07-1832 (GK) |
| v. | ) |
| | ) |
| **MARK V. ROSENKER, CHAIRMAN,** | ) |
| **NATIONAL TRANSPORTATION** | ) |
| **SAFETY BOARD,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT'S REPORT OF LOCAL RULE 16.3 CONFERENCE**

Pursuant to the rules of this Court, plaintiff, Richard Miller, who is proceeding pro se, and undersigned counsel for defendant in the above-styled matter have met and conferred about the matters to be discussed by the parties pursuant to LCvR 16.3(c), and are in the process of preparing a joint report which is due April 17, 2008, i.e., 7 days before the Initial Scheduling Conference currently set for April 24, 2008 at 11:15 a..m.  See LCvR 16.3(a), (d).  Undersigned counsel has provided plaintiff with a draft and revised draft of a joint report.  However, plaintiff desires additional time to review the draft report and does not believe he will be able to complete his review prior to April 17, 2008 (see Exhibit A) (email to Clerk).

The Court's Order Setting the Initial Scheduling Order (Docket Entry No. 14) provided that a supplemental pleading may be filed within 72 hours of the conference.  Plaintiff indicates that he expects to complete his review of the revised draft report in advance of the Court's deadline for filing a supplemental pleading.

Accordingly, if agreement on a Joint Report can be reached by that deadline, the Joint Report will be filed as a supplemental pleading. A proposed Scheduling Order incorporating defendant's suggestions is attached.

### Brief Statement of Case[1]

This case is one of four civil actions filed by plaintiff against defendant in connection with his employment at the NTSB. The other cases are also captioned as Miller v. Rosenker, Civil Action Nos. 05-2478 (GK), 06-1071 (GK), and 07-562 (GK), and are also pending before this Court. Plaintiff's complaint in this case challenges the decision by an administrative law judge of the Merit Systems Protection Board (MSPB) finding no discrimination by the NTSB in connection with plaintiff's removal from his position of Financial Management Specialist (see Compl., ¶ 3 (citing MSPB No. DC043206072411); see also Attachment to Plaintiff's Motion for Consideration of the Complaint (Docket Entry No. 4)). By decision dated August 21, 2007, the MSPB decision was affirmed by the Equal Employment Opportunity Commission ("EEOC") in Petition No. 0320070099 (id.).

Thus, the sole discrimination claim raised by plaintiff in this case relates to the agency's decision to remove plaintiff from federal service, which plaintiff contends was based on disability, age and retaliation for prior EEO activity under Title VII of the Civil Rights Act of 1964 (see Compl., ¶ 1) ("The court has jurisdiction over the removal decision"). Plaintiff asserts discrimination claims based on alleged adverse personnel actions other than his removal in his other three pending cases. Defendant has moved to dismiss or, in the alternative, for summary judgment

---

[1] This statement is provided pursuant to the Order Setting Initial Scheduling Conference filed on March 24, 2008 (Docket Entry No. 14).

in those cases.

## Matters Discussed by the Parties

The parties discussed the matters referenced in Local Rule 16.3, and defendant submits the following report:

1. **Status of Dispositive Motions:** There are no pending dispositive motions. Defendant believes this case will be resolved by summary judgment after the close of discovery.

2. **Amended Pleadings**: Defendant does not anticipate that it will be necessary to join any third parties, or that they will need to amend the pleadings at the time of this report. At the close of discovery, defendant believes will be a good time to discuss whether any of the factual or legal issues can be narrowed and will inform the Court if any modifications are agreed upon.

3. **Assignment To Magistrate Judge**: Defendant does not consent to assignment of this case to a Magistrate Judge.

4. **Settlement Possibility**: Defendant does not believe that there is a realistic possibility of settlement at this time, but the subject may be revisited after a decision is issued on dispositive motions filed in plaintiff's other pending cases, or after discovery in this case.

5. **Alternative Dispute Procedures**: Defendant will not rule out ADR, but believes it is not likely to be productive at this time.

6. **Dispositive Motions**: Defendant believes that this case will be resolved by a motion for summary judgment, as mentioned in Paragraph No. 1. Defendant proposes that any summary judgment motions be due within 60 calendar days after the close of discovery, oppositions due within 45 calendar days thereafter, and replies due within 21 calendar days thereafter.

7. **Initial Disclosures**: Defendant proposes that initial disclosures required by Fed. R. Civ. P. 26(a)(1) shall be served within 30 days after the issuance of the Court's initial scheduling order.

8. **Discovery**: Defendant requests 180 calendar days to conduct and complete discovery in this case. Defendant anticipates standard discovery, i.e., Interrogatories (limited to 25), Requests for Production of Documents (limited to 25), Depositions (limited to 10), and Requests for Admissions (limited to 25). Defendant agrees to follow the Federal Rules of Civil Procedure in regards to the limits on discovery, except as otherwise provided in this paragraph.

9. **Experts**: Defendant proposes that the plaintiff's expert disclosures under Fed. R. Civ. P. 26(a)(2) shall be served 60 days after the issuance of the Court's initial scheduling order. Defendant further proposes that defendant's expert disclosures under Fed. R. Civ. P. 26(a)(2) shall be served within 30 days after the due date for plaintiff's expert disclosures. Defendant requests that the expert disclosures shall, in accordance with Fed. R. Civ. P. 26(a)(2), include a written expert witness report.

10. **Class Action Procedures**: Not applicable.

11. **Bifurcation of Discovery or Trial**: Defendant does not see any need for bifurcation in this case.

12. **Proposed Date for the Pretrial Conference**: Defendant proposes that the pretrial date be set within 60 days after the Court rules on dispositive motions.

13. **Trial Date**: Defendant agrees that, if necessary, a trial date should be set at the pretrial conference.

14. **Electronic Service**: Pursuant to Fed. R. Civ. P. 5(b)(2)(E), Defendant agrees to service by electronic mail of pleadings, notices, motions, and other papers required to be served under Rule 5(a).  Defendant further agrees that such electronic service shall be made to Defendant, through counsel of record, via the electronic mail address indicated on the ECF docket, and to Plaintiff at his designated electronic mail address, which is not registered with ECF.  Defendant further agrees that a paper copy of any such pleadings and other papers shall also be served by either mail or fax, as may be agreed by the parties, to Defendant, through counsel, and Plaintiff, at each party's respective address of record.

15. **Preserving Discoverable Information**: Defendant agrees to take all reasonable measures to preserve discoverable information.

16. **Disclosure or Discovery of Electronically Stored Information**: Defendant agrees to disclose and produce electronically stored information either in electronic or printed format, whichever the parties may agree is the most convenient and efficient to conduct and complete discovery in this case.

Respectfully submitted,

  /s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


  /s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


  /s/
JOHN G. INTERRANTE
PA Bar # 61373
Assistant United States Attorney
Civil Division, Room E-4806
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-7220
(202) 514-8780 (fax)
John.Interrante@usdoj.gov

**Exhibit A**

**From:** Richard Miller [mailto:rmiller707@yahoo.com]
**Sent:** Wednesday, April 16, 2008 11:28 AM
**To:** Michael_Spence@dcd.uscourts.gov
**Cc:** Interrante, John (USADC)
**Subject:** RE: Miller v. Rosenker, 07-1832

Mr. Spence,

I received the draft yesterday afternoon and discussed a couple of items with Mr. Interrante late yesterday. I am filing pro se and am not a lawyer but it seems maybe we were late in doing the pre-conference but that the Judge's Order says you have 14 days after the pre-conference to reply. Mr. Interrante wanted to get a joint response back to you today. But, due to not being a lawyer and my medical problems, I will not be able to provide him a response until over the weekend. Then he could have the joint response back to you on Monday. Since the court date has been moved to the 24th this would be well before the 72 hours. Is this ok or should a motion be filed?

Mr. Interrante and I discussed this morning and I am copying him. Richard Miller

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **RICHARD MILLER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Civil Action No. 07-1832 (GK) |
| v. ) | |
| ) | |
| **MARK V. ROSENKER, CHAIRMAN,** ) | |
| **NATIONAL TRANSPORTATION** ) | |
| **SAFETY BOARD,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## INITIAL SCHEDULING ORDER

Upon Consideration of the Defendant's Report of Local Rule 16.3 Conference, and the entire record herein, it is hereby

ORDERED that discovery shall commence upon issuance of this order and be concluded by _____;

ORDERED that the parties shall serve the initial disclosures required by Fed. R. Civ. P. 26(a)(1) within 30 days after the issuance of this order;

ORDERED that discovery shall be subject to the limits of the Federal Rules of Civil Procedure and the Local Rules, and each party is expressly limited to 25 interrogatories, 25 requests for production of documents, 25 requests for admission, and 10 depositions;

ORDERED that expert witness reports shall be exchanged in accordance with Fed. R. Civ. P. 26(a)(2), plaintiff's expert reports shall be due 60 calendar days after the issuance of this order, and defendant's expert reports shall be due 30 calendar days after the due date for plaintiff's expert disclosures; and it is further

ORDERED that any summary judgment motions be due within 60 calendar days after the

close of discovery, oppositions due within 45 calendar days thereafter, and replies due within 21 calendar days thereafter.

  It is SO ORDERED this _____ day of _____, 2008.

                _____
                GLADYS KESSLER
                United States District Judge