IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Richard Miller, ) | |
| ) | |
| Plaintiff ) | |
| ) | Civil Action No. 07-1832 (GK) |
| v. ) | |
| ) | |
| Mark V. Rosenker, Chairman ) | |
| National Transportation ) | |
| Safety Board ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFF'S SUPPLEMENTAL FILING

Pursuant to the rules of this Court, Plaintiff submits his responses to Defendant's filing for Report of Local Rule 16.3 Conference. Defendant and Plaintiff worked on a Joint Report but due to Plaintiff's condition, in part, did not complete.

### Brief Statement of Case

The complaint in this case is one of four civil actions filed by plaintiff against defendant in connection with his employment at the NYSB. The other cases are also captioned as <u>Miller v. Rosenker,</u> Civil Action Nos. 05-2478(GK), 06-1071(GK), and 07-562(GK), and are also pending before this Court. 1 paragraph, beginning with third sentence. At Judge Kessler's request, both parties have agreed to consolidate Civil Action No 06-01071 (GK) and No. 05-2478 (GK) and Plaintiff's pro se filing also requested that this case (Civil Action No 07-1832) be consolidated with No. 05-2478. Plaintiff's complaint in this case challenges the decisions by an administrative law judge


RECEIVED
APR 2 4 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

of the Merit Systems Protection Board (MSPB) on valid performance standards; appellant's performance of a critical element was deficient; appellant was provided a reasonable opportunity to improve; harmful procedural error; age discrimination, disability discrimination, reprisal for filing discrimination complaints, reprisal for engaging in whistle blowing activity, denial of any consideration of Plaintiff's affirmative defenses and denial of any witnesses, including medical (also denied the Agency's own Medical Professional). (Judge Bogle's Initial Decision of December 15, 2006, Docket Number DC-0432-06-0724-I-01). The Plaintiff's complaint also includes his claims of prohibited discrimination filed with the MSPB on sex, preferential treatment, nepotism, and merit principles. Appellant was also removed despite his known disabilities to the Agency. When placed on a PIP, the Plaintiff was unable to perform based on his disability, yet the Agency removed him for performance issues during that same period. No reasonable accommodation was given to Appellant despite his and his doctor's requests and medical documentation regarding his need for such an accommodation. The Plaintiff was wrongly denied his right under Family Medical Leave Act (FMLA) and not afforded the same FMLA rights and benefits as other employees. Plaintiff's claims his rights under Age Discrimination in Employment and the Rehabilitation Act were also denied. Plaintiff assets discrimination claims based on alleged adverse personnel actions other than his removal in his other three pending cases. Defendant has moved to dismiss or, in the alternative, for summary judgment in those cases.

## Matters Discussed by the Parties

The Parties have discussed the matters reference in Local Rule 16.3, and submit the following report:

1. **Status of Dispositive Motions:** There are no pending dispositive motions. Defendant believes this case will be resolved by summary judgment after the close of discovery. Plaintiff does not believe that this case can be disposed of by dispositive motions after discovery or at any time, and instead believes that a trial on the merits is necessary.

2. **Amended Pleadings:** The parties do not anticipate that it will be necessary to join any third parties, or that they will need to amend the pleadings at the time of this report. At the close of discovery, the parties agree that will be a good time to discuss whether any of the factual or legal issues can be narrowed and will inform the Court if any modifications are agreed upon.

3. **Assignment to Magistrate Judge:** The parties do not consent to assignment of this case to a Magistrate Judge.

4. **Settlement Possibility:** Defendant does not believe that there is a realistic possibility of settlement at this time, but the subject may be revisited after a decision is issued on dispositive motions filed in plaintiff's other pending cases, or after discovery in this case. Plaintiff believes that this case could benefit from pre-discovery settlement negotiations.

5. **Alternative Dispute Procedures:** Defendant will not rule out ADR, but believes it is not likely to be productive at this time. Plaintiff believes that this case could benefit from the Court's ADR Process.

6. **Dispositive Motions:** Defendant believes that this case will be resolved by a motion for summary judgment, as mentioned in Paragraph No. 1. Plaintiff disagrees, as indicated in Paragraph No. 1. The parties jointly propose that any summary judgment motions be due within 60 calendar days after the close of discovery, oppositions due within 45 calendar days thereafter, and replies due within 21 calendar days thereafter.

7. **Initial Disclosures:** The defendant proposes that initial disclosures required by Fed. R. Civ. P.26(a)(1) shall be served within 30 days after the issuance of the Court's initial scheduling order. Do to Plaintiff's health, Plaintiff proposes 45 days.

8. **Discovery:** The Plaintiff has agreed to the Defendant's request of 180 calendar days to conduct and complete discovery in this case. The full schedule should be adjusted backwards to allow for the additional 60 day extension. Due to Plaintiff's medical issues, Plaintiff requests that discovery commence 45 days from the issuance of the Court's scheduling order. The parties anticipate standard discovery, i.e. Interrogatories (limited to 25), Request for Production of Documents (limited to 25), Request for Admissions (limited to 25), and depositions. Defendant believes 10 depositions should be sufficient. Since all through this case, Plaintiff has been denied witness, even though the claims were to a large extent medical, including at the hearing before the MSPB Administrative Judge. Plaintiff believes that 20 witnesses/experts/depositions will be necessary Since a large part of this case is based on disability and accommodations, the Plaintiff's strongly disagrees with the proposed limits on witnesses/depositions and experts/experts

but has no problem with the reduction in the number of admissions. This case includes discrimination, retaliation, removal, decisions from Merit Systems Board and Equal Employment Office, not one but three supervisors, two other management officials, employees and former employees, age discrimination and , and severe physical and mental disabilities. Several medical professionals including two primary physicians, two neurologists, two orthopedic surgeons, neurosurgeon, anesthetist, three physical therapist, physiatrist, and three psychologists will need to be witnesses or experts. The Plaintiff has not determined which category these should be in. The Plaintiff agrees that Admissions could be reduced. If any of the cases are consolidated, these number would need to change.

9. *Experts:* *The parties propose that the plaintiff's expert disclosures under Fed. R. Civ.P.26(a)(2) shall be served 60 days after the issuance of the Court's initial scheduling order. The Plaintiff proposes that defendants' expert disclosures be submitted at the same time as most medical information has been known to the Agency since 2004 and early 2005. The parties disagree that expert disclosures shall, in accordance with Fed. R. Civ.P.26(a)(2), include a written expert report. Plaintiff proposes that written reports be discussed and agreed upon at a later date.*

10. **Class Action Procedures:** Not Applicable.

11. **Bifurcation of Discovery or Trial:** *The parties do not see any need for bifurcation in this case.*

12. **Proposed Date for the Pretrial Conference:** *The parties propose that the pretrial date be set within 60 days after the Court rules on dispositive motions.*

13. **_Trial Date:_** *The parties agree that, if necessary, a trial date should be set at the pretrial conference.*

14. **_Electronic Service:_** *Pursuant to Fed. R.Civ.P.5(b)(2))E), the parties consent to service by electronic mail of pleading, notices, motions, and other papers required to be served under rule 5(a). The parties further agree that such electronic service shall me made to Defendant, through counsel of record, via the electronic mail address indicated on the docket, and to Plaintiff at his designated electronic mail address, which is not registered with ECF. The parties further agree that a paper copy of any such pleading and other papers shall also be served by either mail or fax, as may be agreed by the parties, to Defendant, through counsel, and Plaintiff, at each party's respective address of record.*

15. **_Preserving Discoverable Information:_** *The parties agree that they shall take all reasonable measures to preserve discoverable information.*

16. **_Disclosure of Discovery of Electronically Stored Information:_** *The parties agree that they shall disclose and produce electronically stored information either in electronic or printed format, whichever the parties may agree is the most convenient and efficient to conduct and complete discovery in this case.*

Respectively submitter

Richard L. Miller (pro se)
1515 S. Arlington Ridge Road, Apt. 304
Arlington, Va. 22202
202 365-1061
rmiller707@yahoo.com