UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD MILLER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MARK V. ROSENKER, Chairman, )<br>National Transportation Safety Board )<br>)<br>Defendant. )<br>) | Civil Action Nos. 07-1832 (GK) |

### PLAINTIFF'S LOCAL RULE 16.3 REPORT[1]

The Plaintiff in the above actions respectfully submits the following Joint Report to the Court, in accordance with LCvR 16.3 and pursuant to the Court's Minute Orders of July 28, 2008, and August 18, 2008. Specifically, this Report is submitted in connection with *Miller v. Rosenker*, Civ. A. No. 07-1832 (GK) (D.D.C.) ("*Miller IV*").

Statement of the Case: Plaintiff alleges that the NTSB violated Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, and the Rehabilitation Act by removing him from his position at the NTSB. Plaintiff asserts that due to his physical and psychological disabilities, he was unable to perform certain duties under the performance plan required by Defendant, and that despite Defendant's awareness of these disabilities and Plaintiff's requests for a reasonable accommodate, no accommodation was given. Plaintiff also alleges that the NTSB's termination of him was retaliation for EEO filings, workers'

---

[1] An associate of Plaintiff's counsel spoke with Defendant's counsel regarding the filing of a joint report. While the parties believe they can reach agreement, it is Plaintiff's counsel's understanding that Defendant's counsel was not able to secure the necessary authorization from her client today. The parties will continue to work together next week and hope to file a joint report prior to the status conference.

compensation submissions, and his contacts with Congress, the General Accounting Office, and news organizations.

    1)     <u>Resolution By Dispositive Motion</u>:  There are no pending dispositive motions. Plaintiff expects that at the conclusion of discovery, there will be genuine issues of material fact that will preclude summary judgment.

    2)     <u>Amendment of Pleadings</u>:  Plaintiff does not anticipate any amendments to pleadings.

    3)     <u>Assignment to a Magistrate Judge</u>:  Plaintiff does not consent to the assignment of this case to a Magistrate Judge.

    4)     <u>Settlement Possibility</u>:  Plaintiff is ready and willing to consider and discuss potential settlement at any time.

    5)     <u>ADR</u>:  Plaintiff is willing to engage in ADR at any point when Defendant is interested in participating.

    6)     <u>Dispositive Motions</u>:  As mentioned above (¶ 1), Plaintiff expects that at the conclusion of discovery, there will be genuine issues of material fact that will preclude summary judgment.

    7)     <u>Initial Disclosures</u>:  Plaintiff proposes that initial disclosures required by Fed. R. Civ. P. 26(a)(1) shall be served within 30 days after the issuance of the Court's initial scheduling order.

    8)     <u>Extent of Discovery</u>:  Plaintiff proposes that the parties should be provided 180 calendar days to conduct and complete discovery in this case.  Plaintiff believes that discovery

should be conducted pursuant to the presumptive discovery limitations set out in the Federal Rules of Civil Procedure.

9) <u>Expert Witnesses</u>:  Plaintiff proposes that Plaintiff's expert disclosures under Fed. R. Civ. P. 26(a)(2) shall be served 90 days after the issuance of the Court's initial scheduling order.  He further proposes that Defendant's expert disclosures under Fed. R. Civ. P. 26(a)(2) shall be served within 30 days after the due date for Plaintiff's expert disclosures.

10) <u>Class Action Issues</u>:  Not relevant.

11) <u>Bifurcation</u>:  Plaintiff does not anticipate a need to bifurcate this matter.

12) <u>Date for Pretrial Conference</u>:  Plaintiff proposes that a status conference should be scheduled after the close of discovery.  At that conference, the parties would report whether they wish to proceed to ADR and/or begin summary judgment briefing.

13) <u>Trial Date</u>:  Plaintiff proposes that a firm trial date should be set at the pretrial conference or at a status conference after any summary judgment motions are resolved.

14) <u>Other Matters</u>:  Counsel for Plaintiff is committed to working cooperatively with counsel for Defendant to stipulate to the entry of a protective order needed to guarantee the confidentiality of, and to permit the discovery and disclosure of confidential information, including information covered by the Privacy Act, 5 U.S.C. Section 522a; the Health Insurance Portability and Accountability Act, 42 U.S.C. Section 1320d *et. seq.*; and other statutes affecting privacy and confidentiality of parties and witnesses in litigation of this nature; and to take account of scheduling conflicts and other issues that may arise during the course of this case that are not presently foreseen.

15) <u>Electronic Discovery</u>:  Plaintiff agrees to take all reasonable measures to preserve discoverable information.

16) <u>Disclosure or Discovery of Electronically Stored Information</u>:  Plaintiff agrees to disclose and produce electronically stored information either in electronic or printed format, whichever the parties may agree is the most convenient and efficient to conduct and complete discovery in this case.

17) <u>Clawback Agreement</u>:  Plaintiff believes that a clawback agreement and order, whereby a party may request the return of inadvertently produced privileged information without waiving any privilege thereof, may be beneficial to the parties and will work with Defendant's counsel to include such an agreement in the aforementioned stipulated protective order.

August 29, 2008                             Respectfully submitted,

                                             / s / Carl. S. Nadler
                                    CARL S. NADLER
                                    Heller Ehrman LLP
                                    1717 Rhode Island Avenue, NW
                                    Washington, D.C. 20036
                                    (202) 912-2575

                                    *Attorney for Plaintiff*