UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD MILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action Nos. 07-1832 (GK) |
| ) | |
| MARK V. ROSENKER, Chairman, ) | |
| National Transportation Safety Board ) | |
| ) | |
| Defendant. ) | |
| ) | |

## JOINT LOCAL RULE 16.3 REPORT

The parties to the above actions respectfully submit the following Joint Report to the Court, in accordance with LCvR 16.3 and pursuant to the Court's Minute Orders of July 28, 2008, and August 18, 2008. Specifically, this Report is submitted in connection with *Miller v. Rosenker*, Civ. A. No. 07-1832 (GK) (D.D.C.) ("*Miller IV*").[1]

Statement of the Cases:

A.  *Defendant's Statement:*  This case is one of four civil actions filed by plaintiff against defendant in connection with his employment at the NTSB.  The other cases are also captioned as *Miller v. Rosenker*, Civil Action Nos. 05-2478 (GK), 06-1071 (GK), and 07-562 (GK), and are also pending before this Court.  Plaintiff's complaint in this case challenges the decision by an administrative law judge of the Merit Systems Protection Board (MSPB) finding no discrimination by the NTSB in connection with plaintiff's removal from his position of Financial Management Specialist (*see* Compl., ¶ 3 (citing MSPB No. DC043206072411); *see*

---

[1] This Joint Report replaces the earlier individual reports filed by the parties.  *See* Dkt. Nos. 15, 24, and 25.

*also* Attachment to Plaintiff's Motion for Consideration of the Complaint (Docket Entry No. 4)). By decision dated August 21, 2007, the MSPB decision was affirmed by the Equal Employment Opportunity Commission ("EEOC") in Petition No. 0320070099 (*id.*).

Thus, the sole discrimination claim raised by plaintiff in this case relates to the agency's decision to remove plaintiff from federal service, which plaintiff contends was based on disability, age and retaliation for prior EEO activity under Title VII of the Civil Rights Act of 1964 (*see* Compl., ¶ 1) ("The court has jurisdiction over the removal decision"). Plaintiff asserts discrimination claims based on alleged adverse personnel actions other than his removal in his other three pending cases. Defendant has moved to dismiss or, in the alternative, for summary judgment in those cases.

     **B.**    *Plaintiff's Statement:*  Plaintiff alleges that the NTSB violated Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, and the Rehabilitation Act by removing him from his position at the NTSB. Plaintiff asserts that due to his physical and psychological disabilities, he was unable to perform certain duties under the performance plan required by Defendant, and that despite Defendant's awareness of these disabilities and Plaintiff's requests for a reasonable accommodate, no accommodation was given. Plaintiff also alleges that the NTSB's termination of him was retaliation for EEO filings, workers' compensation submissions, and his contacts with Congress, the General Accounting Office, and news organizations.

     1)    <u>Resolution By Dispositive Motion</u>:  There are no pending dispositive motions. Plaintiff expects that at the conclusion of discovery, there will be genuine issues of material fact

that will preclude summary judgment. Defendant believes this case will be resolved by dispositive motion at the conclusion of discovery.

2) <u>Amendment of Pleadings</u>: Plaintiff does not anticipate any amendments to pleadings. Defendant does not anticipate that it will be necessary to join any third parties, or that they will need to amend the pleadings at the time of this report. At the close of discovery, Defendant believes will be a good time to discuss whether any of the factual or legal issues can be narrowed and will inform the Court if any modifications are agreed upon.

3) <u>Assignment to a Magistrate Judge</u>: Plaintiff and Defendant do not consent to the assignment of this case to a Magistrate Judge.

4) <u>Settlement Possibility</u>: Plaintiff is ready and willing to consider and discuss potential settlement at any time. Defendant does not believe that there is a realistic possibility of settlement at this time, but the subject may be revisited after a decision is issued on dispositive motions filed in Plaintiff's other pending cases, or after discovery in this case.

5) <u>ADR</u>: Plaintiff is willing to engage in ADR at any point when Defendant is interested in participating. Defendant will not rule out ADR, but believes it is not likely to be productive at this time.

6) <u>Dispositive Motions</u>: As mentioned above (¶ 1), Plaintiff expects that at the conclusion of discovery, there will be genuine issues of material fact that will preclude summary judgment. As mentioned above (¶ 1), Defendant believes that this case will be resolved by a motion for summary judgment. Defendant proposes that any summary judgment motions be due within 60 calendar days after the close of discovery, oppositions due within 45 calendar days thereafter, and replies due within 21 calendar days thereafter.

7) <u>Initial Disclosures</u>:  The parties propose that initial disclosures required by Fed. R. Civ. P. 26(a)(1) shall be served within 30 days after the issuance of the Court's initial scheduling order.

8) <u>Extent of Discovery</u>:  The parties agree that the parties should be provided 180 calendar days to conduct and complete discovery in this case.  Plaintiff believes that discovery should be conducted pursuant to the presumptive discovery limitations set out in the Federal Rules of Civil Procedure.  Defendant anticipates standard discovery, *i.e.*, Interrogatories (limited to 25), Requests for Production of Documents (limited to 25), Depositions (limited to 10), and Requests for Admissions (limited to 25).  Defendant agrees to follow the Federal Rules of Civil Procedure in regards to the limits on discovery, except as otherwise provided in this paragraph.

9) <u>Expert Witnesses</u>:  The parties propose that the plaintiff's expert disclosures under Fed. R. Civ. P. 26(a)(2) shall be served 90 days after the issuance of the Court's initial scheduling order.  They further propose that defendant's expert disclosures under Fed. R. Civ. P. 26(a)(2) shall be served within 30 days after the due date for plaintiff's expert disclosures.  Defendant requests that the expert disclosures shall, in accordance with Fed. R. Civ. P. 26(a)(2), include a written expert witness report.

10) <u>Class Action Issues</u>:  Not relevant.

11) <u>Bifurcation of Liability and Damages</u>:  The parties do not anticipate a need to bifurcate this matter.

12) <u>Date for Pretrial Conference</u>:  The parties agree that a status conference should be scheduled after the close of discovery.  At that conference, the parties will report whether they wish to proceed to ADR and/or begin summary judgment briefing.

13) <u>Trial Date</u>: The parties take the position that a firm trial date should be set at the pretrial conference or at a status conference after any summary judgment motions are resolved.

14) <u>Other Matters</u>: Counsel for both parties are committed to working cooperatively with one another to stipulate to the entry of a protective order needed to guarantee the confidentiality of, and to permit the discovery and disclosure of confidential information, including information covered by the Privacy Act, 5 U.S.C. Section 522a; the Health Insurance Portability and Accountability Act, 42 U.S.C. Section 1320d *et. seq.*; and other statutes affecting privacy and confidentiality of parties and witnesses in litigation of this nature; and to take account of scheduling conflicts and other issues that may arise during the course of this case that are not presently foreseen.

15) <u>Electronic Discovery</u>: The parties agree to take all reasonable measures to preserve discoverable information.

16) <u>Disclosure or Discovery of Electronically Stored Information</u>: The parties agree to disclose and produce electronically stored information either in electronic or printed format, whichever the parties may agree is the most convenient and efficient to conduct and complete discovery in this case.

17) <u>Clawback Agreement</u>: The parties believe that a clawback agreement and order, whereby a party may request the return of inadvertently produced privileged information without waiving any privilege thereof, may be beneficial to the parties and will work with each other to include such an agreement in the aforementioned stipulated protective order.

| | |
|---|---|
| September 3, 2008 | Respectfully submitted, |
|   / s / Carl. S. Nadler<br>CARL S. NADLER<br>Heller Ehrman LLP<br>1717 Rhode Island Avenue, NW<br>Washington, D.C. 20036<br>(202) 912-2575<br><br>*Attorney for Plaintiff* | JEFFREY A. TAYLOR, D.C. BAR # 498610<br>United States Attorney<br><br>RUDOLPH CONTRERAS, D.C. Bar # 434122<br>Assistant United States Attorney<br><br>  / s / Megan M. Weis (with permission)<br>MEGAN M. WEIS<br>Special Assistant United States Attorney<br>555 Fourth Street, N.W.<br>Washington, D.C. 20530<br>(202) 514-5134<br><br>*Attorneys for Defendant* |

## CERTIFICATE OF SERVICE

    I, Carl S. Nadler, hereby certify that I filed a copy of the foregoing document with the Court on September 3, 2008, through the ECF filing system, which will cause a copy to be served upon all counsel of record.

                                           / s /  Carl S. Nadler
                                             Carl S. Nadler